UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HYNES AVIATION INDUSTRIES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> SACRAMENTO E.D.M, INC., et al., <br><br> Defendants. | No. 2:13-cv-01674-MCE-KJN <br><br> **MEMORANDUM AND ORDER** |

On October 4, 2012, Sacramento E.D.M., Inc. ("Sacramento EDM") and Dan Folk brought an action in the Sacramento County Superior Court ("California case") alleging various tort claims against Hynes Aviation Industries, Inc., Hynes Children TF Limited, and Michael K. Hynes (collectively, "Hynes").[1] Sacramento E.D.M. v. Hynes Aviation Industries, et al., Case No. 13-cv-0288-MCE-KJN, ECF No. 2. On February 14, 2013, Hynes removed the California case to federal court pursuant to this Court's diversity jurisdiction. Id. Hynes filed a separate action in federal court in Missouri in December 2012 alleging related contract claims ("Missouri case"). Because the cases arise out of the same parties and are largely based on the same set of facts, the Missouri court

---

[1] In the current action before the court, Hynes is the plaintiff and Sacramento EDM is the defendant. In the California case, Sacramento EDM is the plaintiff and Hynes is the defendant. For clarity, the parties are referred to by name in this order.

1

transferred the Missouri case in August 2013 to the Eastern District of California.  <u>Hynes Aviation Industries, Inc. v. Sacramento E.D.M., Inc., et al</u>, Case No. 13-cv-01674-MCE KJN.  Soon after, the Clerk of Court sent a notice in the latter case directing counsel to file pro hac vice applications.  The parties ignored this notice as well as the minute orders issued by the Court in December 2013 and January 2014.  The Court dismissed the Missouri case in February 2014 due to failure to prosecute.  On October 9, 2014, Hynes filed a motion for relief from dismissal under Rule 60(b), specifically subdivisions (1) and (6).  For the following reasons, Hynes' Motion is GRANTED.[2]

## BACKGROUND[3]

This litigation concerns the decade-long business relationship and concomitant transactions between the parties.  Sacramento EDM is a California corporation engaged in the business of electrical discharge machining and waterjet technology.  Michael Hynes is a professional consultant in the fields of aviation safety and business and finance.  Since 2003, Hynes has been providing business and financial consulting services to Folk and Sacramento EDM.

On October 4, 2012, Sacramento EDM filed an action against Hynes in the Superior Court of California, County of Sacramento, asserting the following causes of action: (1) Breach of Fiduciary Duty; (2) Fraud; (3) Constructive Fraud; (4) Intentional Interference with Prospective Business Advantage; (5) Negligent Interference with Prospective Business Advantage; (6) Tortious Interference with Contract; (7) Unjust Enrichment; (8) Unfair Business Practices in Violation of California Business and Professions Code § 17200; and (9) Declaratory Relief.  ECF No. 2-1.  On February 14, 2013, Hynes removed the action to this Court pursuant to its diversity jurisdiction.  ECF

---

[2] Because oral argument would not be of material assistance, the Court resolves this matter on Plaintiffs' brief.  E.D. Cal. Local R. 230(g).

[3] Additional facts may be found in the Court's October 2, 2014 and April 9, 2013 Orders.  ECF Nos. 17, 75.

No. 2.  Subsequently, Hynes filed a motion to dismiss for improper venue or, in the alternative, to transfer the case to the U.S. District Court for the Western District of Missouri.  ECF No. 6.  The Court denied the motion.  ECF No. 17.

Separately, on December 10, 2012, Hynes brought an action in the U.S. District Court for the Western District of Missouri, Case No. 6:12-cv-03521-REL.  In the Missouri case, Hynes sought to collect payments from Sacramento EDM and Folk for contractual obligations on two leases.  The First Amended Complaint in the Missouri case alleges payments owed by Sacramento EDM and Folk totaling $428,082 on unpaid lease obligations, $542,063 on unpaid loans, and $58,087 owed for premium payments on so-called "key man" life insurance policies.  Mot., ECF No. 53 at 2.

On April 29, 2013, Sacramento EDM and Folk moved to transfer the Missouri case to this District pursuant to 28 U.S.C. § 1404(a).  On August 1, 2013, District Judge Brian C. Wimes granted Sacramento EDM and Folk's Motion on the basis of the first-filed rule.  See Order, 6:12-cv-03521-REL, ECF No. 30.  The Missouri case was transferred to this District on August 14, 2013.  ECF No. 31. That same day, the Court issued Civil New Case Documents (ECF No. 32) and a Clerk's Notice directing counsel for all parties to submit Pro Hac Vice Applications (ECF No. 33).  No further activity took place in the Missouri case until four months later on December 19, 2013, when the Court issued a Minute Order ordering that the parties file a joint status report on or before January 10, 2014.  ECF No. 34.  On January 14, 2014, after neither party filed a status report, the Court issued a Minute Order directing counsel to file "a statement in writing as to why this matter should/should not be dismissed for lack of prosecution" within fourteen days.  ECF No. 35.  On February 6, 2014, the Court dismissed the Missouri case for failure to respond to Court orders and for lack of prosecution.  ECF No. 36.

The July 2013 status report in this case makes it clear that both parties knew of the motion to transfer in the Missouri case.  The Missouri lawyer for Hynes, Harold Glass, was the only person who received email notifications about the orders from the Court.  He corresponded via email with the Sacramento lawyer for Hynes, Paul Tozer,

3

1  about these notifications.  Glass understood that Tozer would handle the case after it
2  transferred and therefore Glass ignored minute orders from the Court warning that the
3  case would be dismissed for lack of prosecution and for failure to respond to court
4  orders.  Tozer, the Sacramento attorney, did not receive the minute orders and did not
5  know that the transfer of the Missouri case had already taken place.  He did not receive
6  any notification about the dismissal.  Tozer left the firm in December 2013 and did not
7  brief his replacement on the case, Thomas Barth, prior to leaving.

8        Barth learned that the Missouri case was dismissed in June of 2014, when he
9  spoke with Sacramento EDM about a discovery request in the California case.  Barth
10 attributes his lack of knowledge to a busy workload and the dormancy of the case
11 between February and June of 2014.  In his declaration, Michael Hynes states that until
12 he was notified by Barth, he was unaware of the Court orders and was unaware that the
13 Missouri case had been dismissed.  In short, there was a series of miscommunications
14 and misunderstandings among Michael Hynes and his attorneys in Missouri and
15 California.[4]

16       Upon learning about the dismissal, Barth requested a stipulation by counsel for
17 Sacramento EDM to allow the filing of a counterclaim in the California case.  When that
18 request was refused, Barth filed a Motion for Leave to File a Counterclaim and to Amend
19 the Pretrial Scheduling Order in the California case to allow the action to proceed to trial
20 on all issues disputed among the parties.  Mot., 2:13-cv-0288-MCE-KJN, ECF No. 53.
21 This motion was denied on October 2, 2014 because Hynes was not diligent in pursuing
22 its claim and could not meet the strict "good cause" standard of Rule 16.  See Order,
23 2:13-cv-0288-MCE-KJN, ECF No. 75.  One week later, on October 9, 2014, Hynes filed
24 this Motion seeking relief from dismissal in the Missouri case under Rule 60(b) of the
25 Federal Rules of Civil Procedure.
26 ///

---

[4] Actions by Sacramento EDM contributed to this confusion.  Sacramento EDM stated in the Joint Status Report that it would request an order of this Court, consolidating the Missouri case with the California case if the Missouri case were transferred to the Eastern District.  This never occurred.

# STANDARD

Rule 60(b) provides for reconsideration of a final judgment or any order where one of more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b).  A motion for reconsideration on any of these grounds must be brought within a reasonable time, and no later than one year, of the entry of the judgment or the order being challenged.  Id.  "This rule, like all the Federal Rules of Civil Procedure, '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'"  Ahanchian v. Xenon Pictures, Inc., 634 F.3d 1253, 1258-59 (9th Cir. 2010) (quoting Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir.1983)).

In determining whether a party is entitled to relief on the basis of excusable neglect under Rule 60(b)(1), courts apply the four-factor Pioneer-Briones equitable test examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.  Pioneer, 507 U.S.at 395; Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381. The excusable neglect clause "is interpreted as encompassing errors made due to the 'mere neglect' of the petitioner." Cmty. Dental Services v. Tani, 282 F.3d 1164, 1170, n.11 (9th Cir. 2002).  If the petitioner's attorney's negligence is "ordinary," not gross, then it is attributable to the client and can be considered by the Court under Rule 60(b)(1).  Id.  "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'"  Lemoge v. United States, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs Ltd P'ship, 507 U.S. 380, 395 (1993)).

## ANALYSIS

This case represents every lawyer's nightmare: a series of miscommunications between co-counsel leading to the dismissal of a case with claims worth over $1.3 million. Hynes is seeking relief from the dismissal under Rule 60(b)(1), or in the alternative, Rule 60(b)(6). Rule 60(b)(6) is a catch-all clause that is available at the court's discretion if none of the other clauses apply, so the Court cannot grant relief under both 60(b)(1) and 60(b)(6). Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863-64 (1988). Because the Court finds that relief should be granted under Rule 60(b)(1), it is not necessary to consider whether Hynes' attorneys' conduct constituted gross negligence for the purposes of Rule 60(b)(6).[5]

The risk of prejudice to Sacramento EDM is low. Sacramento EDM has known of the Missouri case since it was first filed. While the Missouri case was dismised in February, no actions were taken on the related California case between February and June. In June, counsel for Hynes learned of the dismissal and began the process to revive the claims made in the Missouri case. Sacramento EDM argues that it will be prejudiced due to discovery being "reopened" and cites to cases involving delayed motions to amend. Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980 (9th Cir. 1999); Coleman v. Quaker Oats Co., 232 F.3d 1271 (9th Cir. 2000); Solomon v. North America Life and Cas. Ins. Co., 151 F.3d 1132 (9th Cir. 1998). But since the Court is considering a motion for relief from dismissal and not a motion to amend, these cases are inapplicable. Discovery in the California case will not be "reopened," discovery in the Missouri case will begin. Moreover, and in any event, discovery began in the California case in June and Sacramento EDM has already been ordered by the Magistrate Judge

---

[5] The Court is not persuaded by Sacramento EDM's argument that this Motion should be dismissed under Local Rule 230(j) because Hynes did not file an affidavit "describing each motion for which reconsideration is sought." Local Rule 230(j) only applies when a motion has been denied or granted and a party later asks that the court to reconsider the motion. Hynes is requesting a review of a dismissal that resulted from Hynes' failure to prosecute, not a motion by Sacramento EDM. Therefore, Local Rule 230(j) does not apply.


to ask Michael Hynes about issues in the Missouri case during his deposition. Because of the similarities in the cases and the advance notice that Sacramento EDM had about the possible revival of the Missouri claims, discovery for the Missouri claims should not prejudice Sacramento EDM's discovery in the California case. Additionally, the Court must also consider the prejudice to Hynes. See Lemoge, 587 F.3d at 1192, 1195 (holding that the district court abused its discretion by failing to consider "the prejudice the Lemoges would suffer if their Motion was denied.") If the Court denies the Motion, Hynes would lose the opportunity to litigate claims for debts exceeding $1.3 million.

The Court also finds that the delay in bringing the Rule 60(b) motion was reasonable. Federal Rule of Civil Procedure 60(c) requires that a Rule 60(b) motion be made "within a reasonable time" and "no more than a year after the entry of the judgment or order or the date of the proceeding." "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir.1981) (per curiam). In Lemoge, a seven-month delay between the dismissal of the case and the Rule 60(b) motion was found to be reasonable. 587 F.3d at 1194, 1196. Here, there was an eight-month delay between the dismissal of the Missouri case on February 6, 2014, and the filing of the Motion for Relief from Dismissal on October 9, 2014. Hynes' current counsel, Barth, was unaware of the status of the Missouri case until June of 2014. Soon after, Barth asked Sacramento EDM to stipulate to adding the Missouri claims as counterclaims. When those efforts failed, Barth filed a Motion to Amend to add the Missouri claims as counterclaims to the California case. That motion was decided by the court on October 2, 2014. One week later, Barth had filed the instant Motion. The facts of this case do not indicate any unreasonable delay on the part of Hynes' counsel.

The reasons given for the delay—Barth's busy work schedule and the dormancy of the California case between February and June of 2014—are not very compelling, but

they appear to be in good faith.  The reasons for the delay are just one factor considered by the court and they must be balanced against the other factors of the equitable test. See Bateman v. U.S. Postal Service, 231 F.3d 1220, 1225 (9th Cir. 2000) ("The reason for the delay is, admittedly, weak. . . . But there is no evidence that he acted with anything less than good faith. His errors resulted from negligence and carelessness, not from deviousness or willfulness.")

     Sacramento EDM argues that the delay was in bad faith because Hynes should have requested relief from dismissal in June 2014 when it first learned of the dismissal. Instead, Hynes filed the motion to amend and add the Missouri case as counterclaims. Sacramento EDM claims that this "wait and see" approach has been viewed by the courts as bad faith, but its argument is only weakly supported by Second Circuit case law and a Ninth Circuit case from 1958.  Middle Atlantic Utilities Co. v. SMW Development Corp., 392 F.2d 380 (2d Cir. 1968); Yanow v. Weyerhaeuser Steamship Co., 274 F.2d 274 (9th Cir. 1958).  In any event, the Court does not find that counsel for Hynes employed a "wait and see" approach.  Hynes' decision to attempt to add the Missouri case as counterclaims to the California case was the most efficient approach to combining the California and Missouri cases.  The Rule 60(b) Motion seeks the same result, but the route is much less direct. Although the Court is granting Hynes' Motion, Hynes will need to file a Motion to Consolidate before the Missouri claims can be litigated in the California case.  This is not analogous to a situation, like in Yanow, where a jurisdictional claim was only brought by the appellee after its petitions for rehearing and certiorari were denied.  274 F.2d at 275-76. Therefore, the Court does not find that Hynes acted in bad faith.

     While it would be convenient for Sacramento EDM if Hynes' counterclaims disappeared due to the negligence of Hynes' counsel, the Court must liberally construe Rule 60(b) "to effectuate the general purpose of seeing that all cases are tried on the merits." Ahanchian, 634 F.3d at 1258-59.

**CONCLUSION**

For the reasons set forth above, Defendants' Motion for Relief from Dismissal (ECF No. 43) is GRANTED. The dismissal entered by Minute Order filed February 6, 2014 (ECF No. 36) is vacated.

IT IS SO ORDERED.

Dated:  November 25, 2014

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT